CHARLES H. WARFIELD, Appellant, *v.* WIRE WHEEL CORPORATION OF AMERICA, Respondent.

First Department, November 8, 1918.

Corporations — officers — powers of president to hire auditor — approval of directors.

The president of a corporation doing a business of $2,000,000 a year has general power, without the approval of the directors, to hire an auditor or accountant at a salary of $1,000 per month to put the accounts and financial affairs of the corporation into good shape, preparatory to their examination by prospective purchasers of the corporation.

Hence, in an action for services under such a contract, it is reversible error for the court to charge that the plaintiff cannot recover if his employment was not approved by the board of directors.

APPEAL by the plaintiff, Charles H. Warfield, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of February, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of February, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*J. Boyce Smith, Jr.,* for the appellant.

*John Thomas Smith* of counsel [*Beekman, Menken & Griscom,* attorneys], for the respondent.

SHEARN, J.:

Plaintiff claims that in the early part of July, 1916, at an agreed salary of $1,000 per month, he entered the employ of the Houk Manufacturing Company, which was subsequently merged into the defendant company; that he remained in the employ of said company until the end of October, 1916, and that he had received part payment for his services, and that there remained owing to him the sum of $2,000. The defendant pleaded a general denial. The Houk Manufacturing Company was engaged in the business of manufacturing and selling wire wheels for automobiles, with its factory and office at Buffalo. It had a large number of branch offices in different parts of the country and did a business of nearly $2,000,000 a year. In 1916 it was making a monthly profit of between $45,000 and $50,000. Its president and general manager was George W. Houk. He owned $294,000 of its common stock of $500,000 and $117,000 of the issued preferred stock of $187,000. He was the active head of the concern. At the time in question it appears that Houk was endeavoring to sell the company, that is to say, he was engaged in trying to find a purchaser for its capital stock, of which he was a majority owner. It further appears that its books were in bad shape through lack of system and it was behind in its financial correspondence relating to guarantees, requests for credit, etc. Its affairs were about

to be examined by auditors for intending purchasers and Houk wished to have its affairs, relating particularly to its accounts and financial matters, put in first-class order. The plaintiff, who had had considerable experience in reorganizing the financial affairs of different concerns, was the president of a New Jersey company at a salary of $6,000 a year. His brother, who was Houk's counsel, recommended plaintiff to Houk as one qualified to do what Houk wanted to have done, and as a result of interviews between Houk and the plaintiff the hiring was consummated and plaintiff went to work. It is claimed by the defendant that plaintiff's agreed salary was $300 a month as it appeared on the books of the company, kept under plaintiff's supervision. It is further claimed that even if Houk agreed to pay plaintiff $1,000 a month he could not bind the corporation whose by-laws contained the following provision:

" The President shall preside at all meetings of the Board of Directors, and shall call together all meetings of stockholders. He shall sign certificates of stock, sign and execute all contracts in the name of the Company when authorized so to do by the Board of Directors; appoint and discharge agents and employees subject to the approval of the Board of Directors, and have the general management of the affairs of the corporation subject to the approval and direction of the Board of Directors, and perform all duties incidental to his office."

Plaintiff's hiring was never passed upon by the board of directors. The court charged the jury: " If you determine, in view of the fact that the by-laws of the corporation provided that the act of the president should be approved by the board of directors, that Houk in any way exceeded his authority, or that his employment of the plaintiff was not approved by the corporation, then the plaintiff cannot recover and your verdict ought to be for the defendant."

It is contended that the verdict is against the evidence, but it is unnecessary to pass upon this in view of the error that was committed by the learned trial justice in charging the jury as above quoted.

If Houk had atteptmed to make a contract with the plaintiff employing the latter for a period of a year at $12,000 a

year, I think the charge would have been correct, and this despite the fact that Houk was the president and general manager, was in control of the corporation from the standpoint of being a majority stockholder, and was the active head of the corporation. This for two reasons: One, that the contract would have been so out of the ordinary, carrying as it did a salary in excess even of that of the president of the corporation, that it could not be said to have been one within the ordinary powers of the executive head of a corporation, to be made without the authority or approval of the board of directors. In the second place, even if such a contract did not require the authorization of the board of directors in advance of being executed, it would certainly have required their approval and ratification when entered upon. In this case the evidence shows that the plaintiff concealed from some of the directors the fact that he was being paid at the rate of $1,000 a month by falsely entering his salary as $300 a month, thus making it impossible to say that the directors had ratified or approved it, because there can be no ratification without knowledge. But this is not such a contract. It is an ordinary case of hiring an auditor and accountant to do a specific piece of work at an agreed price, reserving the right to terminate the employment at any time. Such a contract would be no more beyond the powers of the president than the purchase of supplies and materials and the hiring of an ordinary office force. Under these circumstances it seems to me that the learned court was clearly in error in making the charge complained of, that it was tantamount to a direction of a verdict and vitiates any finding made by the jury on the other issues involved.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.